People v Cole (2020 NY Slip Op 02579)





People v Cole


2020 NY Slip Op 02579


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


450 KA 19-02097

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEYNONE D. COLE, DEFENDANT-APPELLANT. 






PAUL G. DELL, BUFFALO, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered May 31, 2019. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a controlled substance in the third degree (§ 220.16 [12]). Supreme Court properly refused to suppress both the gun recovered from the parked car in which defendant was seated and the drugs recovered from defendant's person. The police received an in-person report from a concerned citizen that two individuals matching the description of defendant and his accomplice were "up to no good" inside a specific car at a local park. Contrary to defendant's contention, such a report was a sufficient basis upon which to conduct the level one inquiry that ultimately resulted in the discovery of the contraband at issue (see People v Habeeb, 177 AD3d 1271, 1272-1273 [4th Dept 2019], lv denied 34 NY3d 1159 [2020]; see generally People v De Bour, 40 NY2d 210, 223 [1976]). Defendant's related contention that the police actually conducted a level three inquiry without the requisite reasonable suspicion is unpreserved for appellate review, and we decline to review it as a matter of discretion in the interest of justice (see People v Smith, 145 AD3d 1631, 1632 [4th Dept 2016], lv denied 29 NY3d 1086 [2017]).
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court